# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| JUSTIN LEVI KELLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 6:13-cv-01535-SGC |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Justin Levi Kelley, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for a period of disability and Supplemental Security Income.  (Doc. 1).  Mr. Kelley timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Doc. 13).  For the reasons that follow, the Commissioner's decision is due to be affirmed.

### I.     FACTS AND PROCEDURAL HISTORY

Mr. Kelley was born in 1985 and has a high school equivalent education and prior work history in the area of computer technical support.  (R. 143, 256).  Mr. Kelley originally claimed he became unable to work on September 9, 2006, due to back problems, bipolar disorder, clinical depression, and suicidal ideation.  (R. 213, 255).  During the hearing before the Administrative Law Judge ("ALJ"), Mr. Kelley amended his disability onset date to April 4, 2009.  (R. 4,134).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920;

*Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is performing "substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i).  If the claimant is engaged in substantial gainful activity, he or she is not disabled and the evaluation stops.  *Id*.  If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found disabled.  *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. §§ pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairments fall within this category, the claimant will be found disabled without further consideration.  *Id.*  If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).

      At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, he or she is not disabled and the evaluation stops.  *Id.*  If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience to determine whether he or she can perform other work.  *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v).  If the claimant can do other work, he or

she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found Mr. Kelley met the insured status requirements through December 31, 2009. (R. 134). The ALJ further determined Mr. Kelley had not engaged in substantial gainful employment activity since April 4, 2009, the amended alleged onset date. (*Id.*). At step two, the ALJ found Mr. Kelley suffered from the following severe impairments: depressive disorder Not Otherwise Specified ("NOS"), anxiety disorder NOS, and borderline personality disorder. (*Id.*). The ALJ found these impairments had more than a minimal impact on Mr. Kelley's ability to perform basic work activities. (*Id.*). However, based on the medical record, the ALJ found Mr. Kelley's musculoskeletal complaints to be non-severe and concluded he retained the physical capacity to perform basic work activity. (*Id.* at 134-35). The ALJ also found: (1) Mr. Kelley's history of substance abuse did not constitute a severe impairment; and (2) Mr. Kelley's complaints of carpal tunnel syndrome, voiced during the hearing, were unsupported by the medical record and constituted a non-medically determinable impairment. (*Id.* at 135-36).

At step three, the ALJ found Mr. Kelley did not have an impairment or combination of impairments meeting or medically equal to the severity of one of the listed impairments. (R. 136). Specifically, the ALJ determined Mr. Kelley failed to satisfy the listing requirements for Organic Mental Disorders, Affective Disorders, or Anxiety-related Disorders. (*Id.*). This conclusion was based the ALJ's findings that Mr. Kelley displayed: (1) mild limitations in activities of daily living; (2) moderate difficulties in social functioning, concentration, persistence, and pace; (3) no extended periods of decompensation; (4) no significant threat of decompensation caused by increased mental demands or changes in environment; and (5) no history of an inability to function outside of a highly supportive living arrangement. (*Id.* at 137).

Before proceeding to step four, the ALJ determined Mr. Kelley retained the RFC to perform a full range of work at all exertional levels with non-exertional limitations of simple, routine, repetitive, and unskilled work activity requiring only occasional coworker interaction and no contact with the public. (R. 138). In reaching this conclusion, the ALJ considered all of Mr. Kelley's claimed mental impairments and resulting symptoms, as well as his medical treatment and medication. (*Id.* at 138-39). The ALJ concluded that, while Mr. Kelley's mental health impairments could reasonably be expected to cause some of the symptoms alleged, his testimony regarding the severity of these symptoms was not credible in light of the medical record. (*Id.* at 139). The ALJ also considered the opinion of Dr. Reddy, Mr. Kelley's primary care physician, that: (1) Mr. Kelley could not sustain an eight hour work day; (2) Mr. Kelley's condition was expected to last for more than a year; and (3) Mr. Kelley would be limited to sedentary work. (*Id.* at 142). The ALJ afforded no weight to Dr. Reddy's opinion for several reasons. First, the opinion was contained on a pre-printed form in which Dr. Reddy merely filled in blanks and circled "yes" or "no" in response to each question posed by the form. (*Id.*). Next, the form was not accompanied by an explanation or supported by the records from Dr. Reddy's post-onset treatment of Mr. Kelley. (*Id.* at 142-143).

At step four, the ALJ determined Mr. Kelley had no past relevant work because he had not held any previous jobs for a sufficient length of time to reach average performance level. (R. 143). At step five, the ALJ noted Mr. Kelley was a "younger individual" as defined in the regulations and had at least a high school education. (*Id.*). The ALJ also found transferability of job skills was not an issue because Mr. Kelley did not have past relevant work. (*Id.*). Considering Mr. Kelley's age, education, and RFC, the ALJ found he could perform jobs existing in significant numbers in the national economy, including punch press operator, "cleaner

II," and laundry worker. (*Id.*). In reaching this conclusion, the ALJ relied on the testimony of a vocational expert regarding the effect of Mr. Kelley's non-exertional limitations. (*Id*.). Accordingly, the ALJ found Mr. Kelley "has not been under a disability, as defined in the Social Security Act, from April 4, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g))." (*Id*. at 144).

Mr. Kelley appealed to this court on August 20, 2013, by filing a two-page complaint. (Doc. 1). The complaint asserts the ALJ erred by failing to give any weight to Dr. Reddy's opinion. (*Id.* at 1-2). After the Commissioner answered (Doc. 8) and the Clerk of Court entered a briefing letter to counsel (Doc. 9), Mr. Kelley never filed a brief in support of his complaint. Likewise, Mr. Kelley did not reply to the Commissioner's brief in support of the decision. (Doc. 11). All deadlines for submitting briefs have passed and this matter is ripe for adjudication.

**II.     Standard of Review**

This court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining: (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (2) whether the correct legal standards were applied. *See Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The court approaches the factual findings of the Commissioner with deference but applies close scrutiny to the legal conclusions. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996). The court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen,* 793 F.2d

1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n,* 383 U.S. 607, 620 (1966)). Indeed, even if the court finds the evidence preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles,* 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen,* 815 F.2d 622, 624 (11tj Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler,* 748 F.2d 629, 635 (11th Cir. 1984).

### III.   Discussion

As noted above, Mr. Kelley has failed to submit any brief, argument, list of authorities, or statement in support of his claims. Mr. Kelley has failed to fully articulate any errors in the ALJ's opinion despite the fact that he has had three opportunities to do so: (1) his complaint, (2) an initial brief in support of his claim, and (3) a reply to the Commissioner's brief.

Nonetheless, the court has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record. The court concludes the ALJ applied the proper legal standards and her decision is supported by substantial evidence. To the extent the complaint alleges the ALJ erred in discounting the opinion of Dr. Reddy, this argument fails. While the opinion of a treating physician is typically entitled to considerable evidentiary weight, an ALJ may properly discount a treating physician's opinion when "the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) threating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (2004). Here, the ALJ properly afforded no weight to the pre-printed form completed Dr. Reddy, which was unaccompanied by any explanation. *See id.*

**IV.     Conclusion**

Upon review of the administrative record and considering all of Mr. Kelley's arguments, the court finds the Commissioner's decision is supported by substantial evidence and is in accord with the applicable law.  Accordingly, the Commissioner's decision is due to be affirmed.

A separate order will be entered.

**DONE** this 2nd day of September, 2015.

*/s/ Staci G. Cornelius*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE